UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PROPHET PAULCIN,

    Plaintiff,

v.                                            Case No. 4:20-cv-470-WS-MJF

MARK S. INCH,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Prophet Paulcin, an admitted three-striker under 28 U.S.C. § 1915(g), has filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1); a motion to proceed *in forma pauperis* (Doc. 5); and a motion for appointment of counsel (Doc. 7). The undersigned recommends that this case be dismissed as malicious under 28 U.S.C. § 1915A, for Paulcin's abuse of the judicial process.[1]

### I.    Background

Paulcin, DC #W11537, is an inmate of the Florida Department of Corrections ("FDC") currently confined at Columbia Correctional Institution ("Columbia CI"). (Doc. 6). Paulcin was confined at Dade Correctional Institution at the time he

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

initiated this lawsuit on September 28, 2020. (Doc. 1 at 2). Paulcin's complaint names one Defendant: FDC Secretary Mark S. Inch. Paulcin is suing Inch in his official capacity for injunctive relief, based on the FDC's alleged systemic failure to protect Paulcin from violence at the hands of other inmates, in violation of the Eighth Amendment. (Doc. 1 at 6-10).[2] In support of this claim, Paulcin alleges the following.

Paulcin has "a long history" of being the target of "gang hits" by other prisoners. In February 2018, Paulcin was transferred to Wakulla Correctional Institution where he "enjoyed relative stability and safety." (Doc. 1 at 6). In April 2020, Paulcin was scheduled to be transferred to Columbia CI. (*Id.*). Paulcin feared transfer to that institution, and attempted suicide. (*Id.*).

On June 18, 2020, Paulcin was transferred from Wakulla CI to Columbia CI. (*Id.* at 7). Paulcin alleges that he was attacked on June 21, 2020, at Columbia CI, and was transferred to Lake CI and then Dade CI (his location at the time he filed this lawsuit). (*Id.* at 7-8). Paulcin's complaint states that his "discharge from Dade CI is imminent" and that "immediately upon his discharge, Mr. Paulcin will be transported back to Columbia CI Annex." (*Id.* at 9). Paulcin's complaint seeks the following injunctive relief: "That this Hon. Court immediately intervene and compel

---

[2] Paulcin's complaint does not allege that Secretary Inch personally participated in any decision concerning Paulcin's classification, protection, or housing. (Doc. 1).

defendants to provide constitutional protection to plaintiff against known threats on his life at Columbia CI." (*Id.* at 11). On October 29, 2020, Paulcin filed a notice that he was transferred to Columbia CI on October 16, 2020. (Doc. 6).

Paulcin's complaint discloses that he has duplicative litigation pending in the United State District Court for the Middle District of Florida, namely, *Paulcin v. Wexford Health Sources, Inc., et al.*, Case No. 2:17-cv-00232-JLB-MRM. (Doc. 1 at 3). Paulcin states that he is represented by Attorney James Cook in that litigation, and that Cook filed a motion for preliminary injunction against the FDC Secretary in his official capacity, seeking to enjoin Paulcin's transfer to Columbia CI. (Doc. 1 at 6). Paulcin attempts to explain why he filed this parallel *pro se* case in the Northern District:

> This motion for injunctive relief does not conflict with the pending motion filed by James V. Cook filed in the Middle District District [sic] Ft. Myers Division, since that motion was filed before June 21, 2020. Mr. Paulcin's motion is specifically tailored to event[s] after June 26, 2020, when he was stabbed. Moreover, counsel's motion is legally insufficient, and Mr. Paulcin has asked counsel to voluntarily dismiss said motion since the damage Plaintiff sought diligently to prevent transpired.

(*Id.* at 9-10).

## II.     Screening Under 28 U.S.C. § 1915A

Because Paulcin is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). A complaint that merely repeats pending or previously litigated claims is considered abusive and is subject to dismissal as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (dismissing prisoner's complaint as duplicative and malicious because it repeated the same allegations asserted in prior litigation: "[A complaint] that merely repeats pending or previously litigated claims may be considered abusive and dismissed."); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (concluding, as an alternative basis for dismissing plaintiff's complaint, that it was duplicative of plaintiff's prior litigation; noting that "[t]here is no abuse of discretion where a district court dismisses . . . a complaint that merely repeats pending or previously litigated claims."); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (dismissing as frivolous prisoner's complaint which raised issues that were directly related, if not identical, to those asserted in prisoner's prior litigation).

### III.   Paulcin's Pending Litigation in the Middle District of Florida

The court takes judicial notice of Paulcin's pending litigation in Middle District Case No. 2:17cv232-JLB-MRM, and the docket entries of that case.[3] On September 4, 2018, Paulcin, represented by James Cook, filed a third amended complaint, under 42 U.S.C. § 1983, against the FDC Secretary (then, Julie Jones) in her official capacity, several individual prison security officials at Charlotte Correctional Institution, Wexford Health Sources, and several individual medical officials. (*See* Case No. 2:17cv232-JLB-MRM, Doc. 31). Paulcin sought declaratory and injunctive relief against the FDC Secretary "for a systemic failure, through her agents and employees ('staff') to protect Plaintiff in violation of the Eighth Amendment to the U.S. Constitution." (*Id.* at 12). Paulcin claimed that the FDC Secretary and the prison security officials violated the Eighth Amendment in the following ways:

   a.   Plaintiff has routinely been exposed to attacks by gang members, violent inmates, and corrections staff.

   b.   Plaintiff has routinely been exposed to attacks by gang members, violent inmates, and corrections staff as retaliation for making complaints.

---

[3] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651 (11th Cir. 2020). A judge may take judicial notice of a fact "at any stage of the proceeding." Fed. R. Evid. 201(c)-(d). Court records from another court of an inmate's filings generally satisfy this standard. *Paez* at 651-52 (citations omitted).

    c.    Plaintiff has been returned repeatedly to the same institutions where he has suffered death threats and murder attempts.

    d.    Plaintiff has routinely been denied thorough and accurate documentation of attacks by gang members, violent inmates, and corrections staff.

    e.    Defendant's classification system fails to provide adequate, non-punitive protective management facilities and non-punitive protective policies.

    f.    Defendant Jones maintains a protective management system that is ineffective and staffed by employees who are indifferent to its goals.

(*See* Case No. 2:17cv232-JLB-MRM, Doc. 31 at 11-12).

On June 16, 2020, Paulcin, still represented by Cook, filed a motion for preliminary injunction to enjoin Paulcin's transfer from Wakulla CI to Columbia CI. (*See* Case No. 2:17cv232-JLB-MRM, Doc. 119). Paulcin's motion alleged that (1) he has a long history as a target of gang "hits" including beatings and stabbings by other inmates; (2) he was presently confined in the Protective Management program at Wakulla CI, where he "enjoyed relative stability and safety;" (3) the FDC planned to transfer him to Columbia CI; and (4) he had been warned of death threats from gangs at Columbia CI and other prisons. (*Id.*). The FDC Secretary opposed the motion. (*See* Case No. 2:17cv232-JLB-MRM, Doc. 124). On October 16, 2020, Paulcin moved to withdraw his motion for preliminary injunction as moot due to his transfer to Columbia CI. (*Id.*, Doc. 149). On October 19, 2020, the Middle District

granted Paulcin's motion to withdraw the motion for preliminary injunction, and denied as moot Paulcin's motion for preliminary injunction. (*Id.*, Doc. 150). The parties are in the process of preparing their Joint Final Pretrial Statement. (*Id.*, Doc. 151, 152).

## IV. This Action Should be Dismissed as Malicious Because It Is Duplicative of Paulcin's Pending Middle District Case

The allegations supporting Paulcin's present complaint against the FDC Secretary are the same as those pleaded by Paulcin against the Secretary in Paulcin's civil acting pending in the Middle District of Florida. The claims against the Secretary in each case are identical. Because this action is duplicative of Paulcin's litigation against the Secretary in *Paulcin v. Wexford Health Sources, Inc., et al.*, Case No. 2:17-cv-00232-JLB-MRM, this case should be dismissed as malicious. There is no need to address Paulcin's motion for the appointment of counsel. (Doc. 7).

## V. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** as malicious, pursuant to 28 U.S.C. § 1915A, for Plaintiff's abuse of the judicial process.

2. The clerk of court close this case file.

At Panama City, Florida, this 4th day of November, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**